UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | § | |
|---|---|---|
| SANDRA P. MATA, | § | |
| | § | |
| Plaintiff, | § | No. SA:13-CV-220-DAE |
| | § | |
| vs. | § | |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Defendant. | § | |

ORDER: (1) GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE A RESPONSE TO DEFENDANT'S MOTION TO DISMISS AND REQUEST FOR LEAVE TO AMEND THE COMPLAINT; (2) DENYING WITHOUT PREJUDICE DEFENDANT'S MOTION TO DISMISS

On December 16, 2013, the Court held a hearing on (1) Defendant's Motion to Dismiss (Dkt. # 7); and (2) Plaintiff's Motion for Leave to file a Response to Defendant's Motion to Dismiss and Request for Leave to Amend the Complaint (Dkt. # 11). Daniel Alberto Torres, Esq., represented Plaintiff Sandra P. Mata. Sean Bryan O'Connell, Esq., appeared on behalf of Defendant, the United States. After careful consideration of the arguments presented at the hearing and the memoranda in support of and in opposition to the pending motions, the Court, for the reasons that follow, **GRANTS** Plaintiff's Motion for Leave to Respond to Defendant's Motion to Dismiss; **GRANTS** Plaintiff's Request for

1

Leave to Amend the Complaint; and **DENIES WITHOUT PREJUDICE** Defendant's Motion to Dismiss.

BACKGROUND

I.   <u>Conduct at Issue</u>

The Air Force owned and operated a mini-mall (the "Troop Mall") on Lackland Air Force Base located at 2180 Kenley Avenue Building # 1251 Lackland Air Force Base.  (Dkt. # 1 at 3.)  The Air Force, through the Army & Air Force Exchange Service, contracted with Coca-Cola on August 4, 2010, to supply Coca-Cola products to the Troop Mall.  (Dkt. # 7 at 2.)  In turn, Coca-Cola contracted with Acosta Distributors to stock the Coca-Cola products at the Troop Mall.  (<u>Id.</u>)  Acosta Distributors employed Plaintiff Sandra P. Mata.  (Dkt. # 1.)

On November 21, 2011, Plaintiff was stocking twelve-packs of soda on a shelf at the Troop Mall.  (<u>Id.</u>)  The shelf collapsed and the soda cans fell on top of her.  (Dkt. # 1 at 3.)  Plaintiff alleges that she was injured and had to be taken to the hospital.  (<u>Id.</u>)

The shelving on which Plaintiff had been stacking soda cans had been manufactured by Madix Inc. and had a weight capacity of four hundred pounds per shelf.  (Dkt. # 7 at 3.)  Defendant, the United States, paid Michael Krista ("Krista") to install the shelves.  (<u>Id.</u>)  The parties dispute whether Defendant hired Krista as an employee or an independent contractor.

II. <u>Procedural Posture</u>

  Plaintiff filed an administrative claim with the Air Force on May 16, 2012.  (<u>See</u> Dkt. # 7 at 3.)  The Air Force denied her claim on November 19, 2012, and Plaintiff subsequently filed this suit.  (<u>See</u> <u>id.</u>)

  On June 16, 2013, Defendant filed a Motion to Dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure Rule.  (Dkt. # 7.)  Under Local Rule 7(e)(2), Plaintiff's response was due within fourteen days; however, Plaintiff failed to respond.

  On August 29, 2013, Plaintiff filed the Motion for Leave to File Response to Defendant's Motion to Dismiss that is currently pending before the Court.  (Dkt. # 11.)  Plaintiff's counsel states that the failure to respond in a timely manner was due to his mistake in calendaring the deadline.  (<u>See</u> <u>id.</u>)  Plaintiff's counsel asserts that he mistakenly calendared the response deadline in accordance with Texas state court guidelines rather than the Local Rules.  (<u>See</u> <u>id.</u>)  Plaintiff's counsel explained that he was not admitted to practice before the Western District of Texas until August 7, 2013 and had been unfamiliar with Local Rule 7.  (<u>See</u> <u>id.</u>)

  As required by the Local Rules, Plaintiff attached a proposed Response to Defendant's Motion to Dismiss.  (Dkt. # 11.)  As part of the Response,

Plaintiff seeks leave to amend the Complaint and conduct discovery to support her assertion that subject matter jurisdiction exists.  (Id. at 7.)

## MOTION TO RESPOND

I.   Legal Standard

Under Local Court Rule 7(e), a response to a motion to dismiss must be filed within fourteen days to be timely.  W.D. Tex. Civ. R. 7(e).  After that deadline, the Court is no longer obligated to consider a party's response.  See Douglas v. Texas, No. Civ.A. 602CV080C, 2003 WL 22861302, at *1 (N.D. Tex. Mar. 19, 2003) (maintaining that courts in the Northern District of Texas "need not consider materials submitted after a reasonable filing deadline").  "[T]he decision whether to apply [a local] rule strictly or to overlook any transgression is generally left to the court's discretion."  In re Steel Stadiums, Ltd., Bankr. No. 11-42632, 2013 WL 145628, at *3 (Bankr. N.D. Tex. Jan. 14, 2013) (alteration in original) (internal citations and quotation marks omitted).

In determining whether to accept an untimely response, the Court may consider (1) whether extenuating circumstances were present; (2) whether the dilatory party sought leave to file a response out of time; (3) the length of the delay; (4) whether the party's failure was egregious; (5) whether the failure affected the court's docket; and (6) whether the acceptance of the untimely response would prejudice the defendant.  Id. at *3–4; Smith v. Ford Motor Co.,

No. 04-cv-401, 2004 WL 3700123, at *2 (N.D. Ind. 2004).  Additionally, the Court may consider the fact that "it is generally preferable to resolve issues on the merits rather than disposing of a party's claims on procedural technicalities.  Steel Stadiums, 2013 WL 145628, at *4 (accepting a response that was only a few days late, even though counsel presented no extenuating circumstances and failed to file a motion to seeking leave to file outside of the time limits); see also Patterson v. City of Phila., No. 08-cv-2140, 2009 WL 1259968, at *7 (E.D. Pa. May 1, 2009); see Pritzker v. City of Hudson, 26 F. Supp. 2d 433 (N.D.N.Y. 1998) (accepting a late filing where the attorney stated he had miscalculated the time, but ordering him to show cause why sanctions should not be imposed).

II.   Discussion

      Plaintiff filed a Motion for Leave to File a Response to Defendant's Motion to Dismiss nearly two months after the deadline.  (Dkt. # 11.)  Plaintiff does not argue that there were any extenuating circumstances that prevented the filing of a response to the motion to dismiss within the fourteen-day period provided by Local Rule 7(e).  The only explanation Plaintiff offers is a calendaring error by Plaintiff's counsel, and therefore, this factor weighs against Plaintiff.

      However, the rest of the factors weigh in favor of granting Plaintiff leave to respond.  First, once aware of the error, Plaintiff sought leave from the Court to file a response out of time.  Second, although well past the deadline,

Plaintiff's motion was not sufficiently delayed to warrant denial on that ground alone.  Third, Plaintiff's error has not hindered the Court's docket or required significant adjustments to case deadlines.  And finally, Defendant does not assert that undue prejudice would result from granting Plaintiff's Motion for Leave to File a Response.  (See Dkt. # 13.)

Overall, these factors weigh in favor of granting Plaintiff's Motion Seeking Leave to Respond to Defendant's Motion to Dismiss.  Additionally, the Court recognizes that adjudicating a suit on the merits, where possible, promotes the interest of justice.  For these reasons, the Court **GRANTS** Plaintiff's Motion for Leave to File Response to Defendant's Motion to Dismiss (Dkt.  # 11).

MOTION TO AMEND

I.  Legal Standard

Under Rule 15(a) of the Federal Rules of Civil Procedure, "if the pleading is one to which a responsive pleading is required, [a party may amend within] 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier."  Fed. R. Civ. P. 15(a)(1)(B).  "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2).

In considering whether to grant or deny leave to amend, the court "may consider such factors as undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the opposing party, and futility of amendment." In re Southmark Corp., 88 F.3d 311, 314–15 (5th Cir. 1996); see also Jones v. Robinson Prop. Grp. L.P., 427 F.3d 987, 994 (5th Cir. 2005).

A.   Undue Delay

When there has been a delay, the party seeking amendment "bears the burden of showing that a delay was due to oversight, inadvertence, or excusable neglect." Jones, 427 F.3d at 994–95 (internal citations and quotation marks omitted); see also Chitimacha Tribe of La. v. Harry L. Laws Co., Inc., 690 F.2d 1157, 1163 (5th Cir. 1982) ("When there has been an apparent lack of diligence, the burden shifts to the movant to prove that the delay was due to excusable neglect.").

The Court first considers the length of the delay, and although "[m]ere passage of time need not result in a denial of leave to amend . . . delay becomes fatal [after] some period of time." Chitimacha Tribe of La., 690 F.2d at 1163 (internal quotation marks omitted). There is no bright line rule for when a delay becomes fatal; however, as the delay grows, it becomes increasingly difficult to characterize it as excusable neglect. See, e.g., Daly v. Sorague, 675 F.2d 716, 723 (5th Cir. 1982) (denying a motion to amend filed sixteen months after the original

7

complaint and seeking to assert "new allegations not germane to the original action"); Daves v. Payless Cashways, Inc., 661 F.2d 1022, 1025 (5th Cir. 1981) (upholding a denial of leave to amend after nineteen-month delay and stating "[a]t some point in the course of litigation, an unjustified delay preceding a motion to amend goes beyond excusable neglect, even when there is no evidence of bad faith or dilatory motive"); Rhodes v. Amarillo Hosp. Dist., 654 F.2d 1148, 1154 (5th Cir. 1981) (upholding denial of leave to amend after thirty-month delay). In contrast, a court may more easily find that a short delay constitutes excusable neglect. See e.g., Gordon v. N.Y. State Dormitory Auth., 565 F. Supp. 143, 144 (S.D.N.Y. 1983) (permitting amendment after a delay of three months stating it was "hardly undue delay").

Excusable neglect is "not limited to situations where the failure to timely file is due to circumstances beyond the control of the filer." Pioneer Inv. Serv. Co. v. Brunswick Assoc. Ltd. P'ship, 507 U.S. 380, 391 (1993). It can be found even in "situations in which the failure to comply with a filing deadline is attributable to negligence." Id. at 394.

Although in Pioneer the Supreme Court defined excusable neglect in the bankruptcy context, the Fifth Circuit has extended its application. See United States v. Clark, 51 F.3d 42, 44 (5th Cir. 1995) (applying the Pioneer reasoning to the interpretation of Federal Rule of Appellate Procedure 4(b) and remanding the

case to the district court to make a determination applying Pioneer with the advice that a miscalculation of time by counsel could constitute excusable neglect).

Under Pioneer, four factors are relevant to the determination of whether a late filing should be permitted because of excusable neglect: (1) the danger of prejudice to the other party; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith. Id. at 395; Stotter v. Univ. of Tex. at San Antonio, 508 F.3d 812 (5th Cir. 2007) (evaluating whether there was excusable neglect using the Pioneer factors); Midwest Employers Cas. Co. v. Williams, 161 F.3d 877, 879 (5th Cir. 1998) (finding magistrate judge abused his discretion in permitting a party to additional time to file a notice of appeal without evaluating each of the Pioneer factors).

B.   Futility

A trial court may properly deny leave to amend "where the proposed amendment would be futile because it could not survive a motion to dismiss." Rio Grande Royalty Co., Inc. v. Energy Transfer Partners, L.P., 620 F.3d 465, 468 (5th Cir. 2010). An amendment is futile when "the amended complaint would fail to state a claim upon which relief could be granted." Stripling v. Jordan Prod. Co., 234 F.3d 863, 873 (5th Cir. 2000). Frequently, a determination of whether a

9

proposed amended complaint would be subject to dismissal would require "a detailed analysis of the proposed pleading" in relation to the causes of action asserted.  Moore v. Dallas Indep. Sch. Dist., 557 F. Supp. 2d 755, 759 (N.D. Tex. 2008).  To avoid this premature determination of the merits, the standard for denying an amendment based on futility is that "[i]f a proposed amendment is not clearly futile, then denial of leave to amend is improper."  Id. (quoting Charles Alan Wright, et al., Federal Practice and Procedure, § 1487, at 637, 642 (2d ed. 1990)).

II.     Discussion

As part of Plaintiff's Response to Defendant's Motion to Dismiss, Plaintiff sought leave to amend the Complaint.  (Dkt. # 11.)  This Motion is also untimely.  In evaluating Plaintiff's request to amend, this Court considers whether (1) there was undue delay; (2) the Plaintiff acted in bad faith; (3) an amendment would be futile; and (4) there would be undue prejudice to Defendant.  Southmark Corp., 88 F.3d at 314–15.

The second and third factors weigh in favor of granting Plaintiff leave to amend.  Plaintiff's failure to amend within the time period resulted from a miscalculation by Plaintiff's counsel, and there is no indication that this was done in bad faith.  Similarly, Defendant has not alleged that any prejudice would result from permitting Plaintiff to amend.  (See Dkt. # 13.)

However, Plaintiff's failure to comply with Local Rule 7 has caused delay, and Defendant has alleged that any amendment would be futile. The Court will focus on these two factors.

A.   Undue Delay

Plaintiff filed her request to amend approximately two months after it was due. (See Dkt. # 11.) This "apparent lack of diligence" shifts the burden to Plaintiff to prove the delay was due to excusable neglect. Chitimacha Tribe of La., 690 F.2d at 1163. The Court bases its determination of whether Plaintiff's actions constitute excusable neglect on the four Pioneer factors: (1) the danger of prejudice to the other party; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith. Pioneer, 507 U.S. at 395.

Here, the first, second, and fourth factors weigh in favor of granting the amendment. First, Defendant has not alleged any prejudice will result from allowing Plaintiff to amend the complaint. Second, although the delay was not insignificant, it was not an exceptionally long delay. Moreover, the delay has had little impact on the progress of the case as a whole. Additionally, there is no evidence that this error was anything more than a mistake. However, the third

factor weighs against Plaintiff; the reason for the delay here is counsel's calendaring error, something well within Plaintiff's counsel's control.

The Court finds that overall the Pioneer factors weigh in favor of finding that Plaintiff's neglect was excusable and will not bar Plaintiff from the opportunity to amend the complaint.

B.  Futility

Defendant argues that Plaintiff's Motion to Amend should be denied because any amendment would be futile. (See Dkt. # 13.) In its Motion to Dismiss, Defendant maintains that Plaintiff's suit is categorically barred by principles of sovereign immunity. (See Dkt. # 7 at 4–5.)

Defendant asserts that any amendment would be futile because Krista, Coca-Cola, and Acosta Distributors are independent contractors, and the Federal Tort Claims Act does not waive sovereign immunity for actions by independent contractors. (See Dkt. # 13.) In support of this argument, Defendant refers to the contract between the Army & Air Force Exchange Service and Coca-Cola and the structural specifications of the shelves, attached to the Motion to Dismiss. (See Dkt. # 7.) Additionally, Defendant supplemented its Motion to Dismiss with an affidavit from Robert Groenleer, the Loss Prevention Manager for the Army and Air Force Exchange Service, which states that he considered Krista to be an independent contractor. (See Dkt. # 19 Ex. 1.)

In response, Plaintiff asserts, in the proposed First Amended Complaint, that although Krista was an independent contractor, Defendant "supervised the installation of the shelves," and "exercised actual control over Michael Krista's work when assembling the shelves."[1] (Dkt. # 12 ¶¶ 5.2, 6.4.)

The Federal Tort Claims Act only waives sovereign immunity for acts committed by government employees; however, when the government exercises significant control over the "detailed physical performance" of an independent contractor, sovereign immunity will be waived under the FTCA. Linkous v. United States, 142 F.3d 271, 275 (5th Cir. 1998).

In determining whether the proposed amendment is futile, the Court accepts Plaintiff's well-pleaded allegations as true. See City of Clinton, Ark., 632 F.3d 148, 152–53 (5th Cir. 2010). Here, in the proposed First Amended Complaint, Plaintiff alleges that "Defendant exercised actual control over Michael Krista's work when assembling the shelves." (Dkt. # 12 ¶ 6.4) Additionally, Plaintiff argues that Defendant owned the property on which she was injured, and Defendant or its agents failed to exercise ordinary care in maintaining the shelves. (See id. ¶¶ 5.2, 6.3.) Taking these allegations as true the proposed amendment is not clearly futile.

---

[1] Additionally, Plaintiff asserts that Defendant or its agents failed to warn Plaintiff of the shelf weight capacity. (See Dkt. # 12 ¶ 6.3.) Plaintiff asserts that Defendant's and its employees' negligence proximately caused Plaintiff's injuries. (See id. ¶¶ 6.5, 6.6.)

This Court finds that Plaintiff's delay in filing a First Amended Complaint was due to excusable neglect and that the First Amended Complaint is not clearly futile. Additionally, the Court recognizes the value of adjudicating a suit on the merits rather than dismissing the Complaint based on a technicality. Therefore, the Plaintiff's Motion to Amend is hereby **GRANTED.**

MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

This Court's grant of leave to Plaintiff to respond to Defendant's Motion to Dismiss and to amend the Complaint renders Defendant's Motion to Dismiss moot. Therefore, Defendant's Motion to Dismiss is hereby **DENIED WITHOUT PREJUDICE.**

CONCLUSION

For the reasons given, the Court hereby **GRANTS** Plaintiff's Motion for Leave to File a Response to Defendant's Motion to Dismiss (Dkt. # 11), **GRANTS** Plaintiff's Request for Leave to Amend the Complaint (Dkt. # 11), and **DENIES WITHOUT PREJUDICE** Defendant's Motion to Dismiss (Dkt. # 7).

**IT IS SO ORDERED.**

DATED: San Antonio, Texas, January 3, 2014.

_____
David Alan Ezra
Senior United States Distict Judge